# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 5586 | **DATE** | May 24, 2002 |
| **CASE TITLE** | USA ex rel Joaquin Gonzalez  v  Kenneth Briley | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]
  Memorandum opinion and order entered. Accordingly, the court finds the first four of petitioner's claims to be procedurally defaulted, and further finds his fifth claim to be without merit. The court therefore denies the petition for a writ of habeas corpus.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | MAY 29 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| GDS | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

DOCKETED
MAY 29 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. JOAQUIN GONZALEZ, <br><br> Petitioner, <br><br> v. <br><br> KENNETH BRILEY, <br><br> Respondent. | No. 97 C 5586 <br><br> Judge Robert W. Gettleman |

## MEMORANDUM OPINION AND ORDER

Petitioner Joaquin Gonzalez is an Illinois state prisoner currently serving a natural-life sentence for the April 9, 1985, murders of Alvin Reed ("Reed") and Francisco Marrero ("Marrero"). Petitioner filed a *pro se* petition for a writ of habeas corpus in this court pursuant to 28 U.S.C. §2254, raising numerous arguments which are detailed below. After counsel was appointed, petitioner filed a supplemental petition for writ of habeas corpus, raising an additional argument which is also detailed below. Respondent has answered both of the petitions, addressing each of petitioner's claims. For the reasons explained below, the court finds each of petitioner's claims to be either procedurally defaulted or without merit, and therefore denies his petition for a writ of habeas corpus.

## PROCEDURAL HISTORY

Petitioner was originally convicted of the murders of Reed and Marrero in 1986, following a joint bench trial with co-defendant Julio Serrano, who was found not guilty. Petitioner appealed his conviction and sentence thereafter and, on September 27, 1988, the Illinois Appellate Court vacated in part, reversed in part, and remanded the matter back to the

trial court. See People v. Gonzalez, 529 N.E.2d 1027 (Ill. App. Ct. 1st Dist. 1988). Petitioner was re-tried in the circuit court by a jury and, in November 1989, he was again found guilty of the murders of Reed and Marrero. The primary basis for both of petitioner's convictions was the testimony of two witnesses, Yolanda Serrano (Julio Serrano's sister), and Leon Woods ("Woods"), both of whom identified petitioner as the individual who shot Reed and Marrero. On December 11, 1989, petitioner was again sentenced to natural life in prison.

On March 8, 1990, petitioner was permitted to file a late appeal of his conviction and sentence with the Illinois Appellate Court. In that appeal, petitioner argued that: (1) Woods' prior theft conviction was improperly excluded by the trial court; (2) prior consistent statements by Yolanda Serrano were erroneously admitted and relied upon by the state during closing arguments; (3) the state's discussion of the difficulty in prosecuting gang violence and the state's references to petitioner by his nickname "Trouble Man" and as a "Latin King executioner" during closing arguments invoked fear and prejudice among the jurors; (4) the state improperly attempted to arouse sympathy for Reed and Marrero by casting them in a positive light; and (5) the trial court erred in failing to appoint substitute counsel to represent petitioner in his pro se post-trial motion, which argued that he had received ineffective assistance of counsel.

On September 27, 1991, the appellate court affirmed petitioner's conviction and sentence, concluding that: (1) the trial court did err in excluding Woods' theft conviction, though that error was harmless because other, more substantial of Woods' convictions were admitted; (2) petitioner's contention with respect to the prior consistent statements by Yolanda Serrano (indicating that although she gave the state two false stories, she did eventually tell them the truth prior to testifying in petitioner's first trial) was waived due to his counsel's failure to object at

2

trial and his failure to raise the issue in his post-trial motion; (3) the state's use of petitioner's gang affiliation and nick-name was appropriate as that information was relevant to a determination of the case;[1] and (5) petitioner was not entitled to new counsel to argue his motion for a new trial because the issues raised therein pertained to matters of trial strategy, which were properly within the realm of defense counsel's authority. On December 4, 1991, the Illinois Supreme Court denied leave to appeal the appellate court's decision.

On May 27, 1992, petitioner filed a pro se petition for post-conviction relief with the circuit court, arguing that he was denied effective assistance of counsel at all stages in the proceedings and also arguing that prosecutorial misconduct had occurred during his re-trial. Petitioner was appointed counsel to represent him the following June, and the state subsequently filed a motion to dismiss petitioner's pro se petition.

On August 4, 1994, petitioner wrote a letter to his appointed counsel asking her to add some arguments to his "Post-Conviction relief; Amend Petition." Among the arguments petitioner sought added were claims arguing that he "was not proven guilty beyond a reasonable doubt," and also that he was denied effective assistance of counsel at trial and on "second appeal to the Appellate Court" and on "appeal to the Illinois Supreme Court."

The state's motion to dismiss petitioner's pro se petition for post-conviction relief was heard on March 15, 1995, the same day that petitioner's counsel filed a certificate of compliance pursuant to Supreme Court Rule 651(c), expressing her belief that there was no need for her to amend or supplement petitioner's pro se post-conviction petition. The court granted the state's

---

[1] The Illinois Appellate Court did not address petitioner's fourth argument directly, though it did conclude that, "We find that [petitioner] received a fair trial and that neither individually nor cumulatively, do [petitioner's] claims of error entitle him to a new trial."

3

motion to dismiss orally, thereby dismissing the petition without an evidentiary hearing. Petitioner filed a notice of appeal shortly thereafter.

On May 25, 1995, the circuit court filed an order attempting to clarify the record concerning petitioner's attempt to file a second or supplemental pro se petition for post-conviction relief, which was date-stamped March 1, 1995, but which had not been assigned to the to the court until May 19, 1995. In this second or supplemental post-conviction petition, petitioner argued, inter alia, that his guilty verdict was against the weight of the evidence, that the state deliberately used perjured testimony to obtain his conviction, and that petitioner was denied his Sixth Amendment right to effective assistance of trial and appellate counsel. In its order clarifying the record, the circuit court referred to petitioner's recently filed petition as his "second" petition, and concluded that since petitioner had, at that time, already filed a notice of appeal of the court's ruling on the state's motion to dismiss his initial pro se petition, the court lacked jurisdiction to render any findings on that petition. Alternatively, the circuit court reasoned that:

> Should the Appellate Court determine that Petitioner's second Petition may have been filed as a Supplemental Petition, this Court refers [back to its prior notation that p]etitioner was represented by counsel who reviewed the petition and record and determined there was nothing more to be added by way of [an] amended or supplemental petition. Even assuming arguendo that the Clerk's office had docketed the second petition prior to the Court's granting of the Motion to Dismiss the original petition, this Court would have denied in it's [sic] discretion leave to file an amended or supplemental petition due to the nearly three-year lapse of time from the filing of the petition as well as the case posture of being set for hearing on the State's Motion to Dismiss. Petitioner is not entitled to file a Second Petition for Post Conviction Relief. Petitioner's Second petition for Post Conviction Relief is barred under 725 ILCS [§]5/122-1 in that more than [six] months have expired after the date for filing a petition for leave to appeal to the Supreme Court, and more than three years have expired since [petitioner's]

4

conviction. Petitioner's second Petition for Post Conviction relief is frivolous and patently without merit.

The Illinois Appellate Court considered the above rulings on appeal and held, on October 27, 1995, that its review disclosed "no error in the dismissal entered by the court" nor any "issues of arguable merit to be raised on appeal." At the same time, the court granted the public defender's motion for leave to withdraw as counsel pursuant to Pennsylvania v. Finley, 481 U.S. 551 (1987), based on counsel's conclusion that there were no appealable issues to be raised on petitioner's behalf.

Petitioner sought rehearing of the appellate court's decision, asserting that his post-conviction counsel was deficient. The appellate court denied that request on April 12, 1996, finding petitioner's ineffective assistance of post-conviction counsel argument unavailing because, "A post-conviction petitioner is guaranteed a 'reasonable' level of assistance by his counsel, and a petitioner's claim of ineffective assistance in a prior post-conviction proceeding does not present a basis upon which relief may be granted. People v. Flores, 153 Ill.2d 264, 276 (1992)." The appellate court then concluded that, "We believe the record here, which includes post-conviction counsel's certificate of compliance with Supreme Court Rule 651(c) . . . reflects that this standard was met and that [petitioner's] claims to the contrary are without merit."

Thereafter petitioner filed a petition for leave to appeal to the Illinois Supreme Court. The only argument petitioner raised in that petition was that both of his post-conviction counsel had been inadequate. Specifically, petitioner argued that his initial post-conviction counsel was deficient for not filing a supplement to petitioner's pro se post-conviction petition in the circuit court, as he had requested. Petitioner also argued that his counsel on appeal was ineffective for

5

omitting both the relevant transcript and his second or supplemental pro se post-conviction petition from the record on appeal. Petitioner's petition for leave to appeal to the Illinois Supreme Court was denied on October 2, 1996.

Petitioner's pro se petition for a writ of habeas corpus was filed in this court on July 30, 1997. Thereafter, respondent filed a motion to dismiss the petition arguing that it was time-barred under the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. §2244 ("the AEDPA"). This court agreed with respondent and granted the motion to dismiss on June 1, 1998. See U.S. ex rel. Gonzalez v. DeTella, 6 F. Supp. 2d 780 (N.D. Ill. 1988). That decision was appealed and reversed by the Seventh Circuit on December 1, 1999, returning petitioner's pro se petition to this court for a determination on the merits of his claims. See Gonzalez v. DeTella, 1999 U.S. App. LEXIS 32033 (7th Cir. November 30, 1999). Accordingly, this court appointed counsel to represent petitioner. As explained above, petitioner's counsel filed a supplemental petition for a writ of habeas corpus, adopting petitioner's pro se petition and adding a sufficiency of the evidence claim.

## HABEAS CORPUS STANDARD

Relief may be awarded to petitioner only if the state court adjudication of his claim: (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C §2254(d).

**DISCUSSION**

As explained above, petitioner has two petitions for a writ of habeas corpus pending before the court: one that he filed pro se, and a supplemental petition filed by his appointed counsel. These two petitions raise five arguments on petitioner's behalf. Respondent argues that the court cannot reach the merits of the first four of these arguments because they are procedurally defaulted. Petitioner's first four claims are: (1) that the evidence presented in petitioner's trial was insufficient to sustain the state's burden of proof beyond a reasonable doubt; (2) that the state used perjured testimony from Yolanda Serrano and Woods to secure his conviction; (3) that petitioner was denied effective assistance of counsel at trial; and (4) that petitioner was denied effective assistance of appellate counsel.

Petitioner did not raise any of his first four habeas claims on direct appeal of his conviction and sentence. In his initial pro se post-conviction petition, however, petitioner did argue that he received ineffective assistance of counsel at each stage of the proceedings. The record also reveals that petitioner raised each of the above claims in the second or successive pro se post-conviction petition that he filed with the circuit court on March 1, 1995. Even so, petitioner's motion for leave to appeal to the Illinois Supreme Court argued only that petitioner's post-conviction counsel were ineffective. Based on all of the above, the court concludes that because petitioner failed to raise his first four habeas claims in his petition for leave to appeal to the Illinois Supreme Court, those claims are procedurally defaulted under O'Sullivan v. Boerckel, 526 U.S. 838 (1999)

In Boerckel, the Supreme Court noted that in order for a habeas corpus petitioner to properly exhaust his or her state remedies, 28 U.S.C. §2254(c) "requires only that state prisoners

give state courts a *fair* opportunity to act on their claims." 526 U.S. at 844 (emphasis in original). The Court reasoned that, because "[s]tate courts, like federal courts, are obliged to enforce federal law . . . . [c]omity . . . dictates that when a petitioner alleges that his continued confinement for a state court conviction violates federal law, the state court should have the first opportunity to review this claim and provide any necessary relief." Id. Thus, the Court in Boerckel concluded that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," which it found to include raising such claims in a petition for discretionary review in the Illinois Supreme Court. Id. at 845. Applying that rule to the facts before it, the Court concluded:

> Boerckel's amended federal habeas petition raised three claims that he had pressed before the Appellate Court of Illinois, but that he had not included in his petition for leave to appeal to the Illinois Supreme Court. There is no dispute that this state court remedy—a petition for leave to appeal to the Illinois Supreme Court—is no longer available to Beorckel; the time for filing such a petition has long past. See Ill. Sup. Ct. Rule 315(b). Thus, Boerckel's failure to present three of his federal habeas claims to the Illinois Supreme Court in a timely fashion has resulted in a procedural default of those claims. See Coleman v. Thompson, 501 U.S. 722, [] 731-732 [(1991)]; Engle v. Isaac, 456 U.S. 107, 125-126, n. 28, . . . (1982).

526 U.S. at 848; see also White v. Godinez, 192 F.3d 607, 608 (7th Cir. 1999) (noting that Boerckel involved a criminal matter on direct appeal, but nonetheless applying its holding to the failure to pursue such discretionary appeals on collateral review); Rittenhouse v. Battles, 263 F.3d 689 (7th Cir. 2001) (noting that, "consistent with the Supreme Court's retroactive application of its holding in Boerckel," the Seventh Circuit has "procedurally defaulted a habeas petitioner's claims where he sought relief through the state court system prior to the Boerckel

decision and failed to present certain claims in his petition for leave to appeal to the Illinois Supreme Court") (citing Rodriguez v. Scillia, 193 F.3d 913, 917 (7th Cir. 1999)). Thus, under Boerckel and its progeny, petitioner's first four claims are procedurally defaulted and can be reached by the court only if petitioner can establish cause and prejudice for not raising them below, or alternatively if petitioner can establish that a fundamental miscarriage of justice will result if the claims are not addressed on their merits. Scillia, 193 F.3d at 917.

Petitioner asserts that he can fulfill the cause and prejudice requirements in the instant case, and that he can also fulfill the fundamental miscarriage of justice requirement.[2] According to petitioner, he can establish cause based on his appointed post-conviction counsel's failure to heed his specific request to raise the above issues in a supplement to his original pro se post-conviction petition. The procedural history of the instant case verifies that petitioner did, in fact, request that his appointed counsel raise these arguments in a supplemental post-conviction petition, and also that his counsel failed to do so. Even so, these facts are not sufficient to support a finding of cause due to ineffective assistance of counsel. As the Supreme Court explained in Coleman v. Thompson, 501 U.S. 722, 752 (1991), because there "is no constitutional right to an attorney in state post-conviction proceedings," petitioner "cannot claim constitutionally ineffective assistance of counsel in such proceedings." Justice O'Conner concluded:

> Given that a criminal defendant has no right to counsel beyond his first appeal in pursuing state discretionary or collateral review, it would defy logic for us to hold

---

[2] Petitioner directs this argument specifically toward his sufficiency of the evidence claim only. Nonetheless, the court applies the argument to each of petitioner's four procedurally defaulted claims.

9

> that Coleman had a right to counsel to appeal a state collateral determination of his claims of trial error. Because Coleman had no right to counsel to pursue his appeal in state habeas, any attorney error that led to the default of Coleman's claims in state court cannot constitute cause to excuse the default in federal habeas.

Id. at 756-57. As explained in Coleman, it is petitioner who must "bear the risk of attorney error that results in a procedural default." Id. at 752-53 (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)). Thus, petitioner's attempt to show cause via ineffective assistance of his post-conviction counsel is unavailing.[3]

This still leaves petitioner's claim that a fundamental miscarriage of justice will result if the court declines to consider his claims. See id at 757. According to petitioner, if the court determines his claims to be procedurally defaulted based on his failure to raise them properly in the state courts below, "a fundamental miscarriage of justice would occur . . . as petitioner submits that he is actually innocent." As the Seventh Circuit explained in U.S. ex rel. Bell v. Pierson, 267 F.3d 544, 552 (7th Cir. 2001):

> The controlling case in this context is the Supreme Court's decision in Schlup v. Delo, 513 U.S. 298 (1995). Under Schlup, in order for a case to fall under the "narrow class of cases" which implicates a fundamental miscarriage of justice, the petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Schlup, 513 U.S. at 315, 327. This means the petitioner must show that "it is more likely than not that no reasonable

---

[3] Petitioner appears to also argue that he can establish cause due to the circuit court's "incorrect[]" treatment of petitioner's supplemental post-conviction petition as a successive petition. This argument fails to address the circuit court's finding that, "[it] would have denied in it's [sic] discretion leave to file an amended or supplemental petition due to the nearly three-year lapse of time from the filing of the petition as well as the case posture of being set for hearing on the State's Motion to Dismiss," as well as the appellate court's conclusion that its review of the circuit court's decision disclosed "no error in the dismissal entered by the court." Moreover, petitioner cites no case law to support his argument that the circuit court's handling of petitioner's second or supplemental petition constitutes cause.

juror would have convicted him in light of . . . new evidence." Id. at 327 (quotation omitted). Only then can the petitioner's constitutional claims be considered. As the Schlup Court explained, the petitioner's claim of actual innocence is "'not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits.'" Id. at 315 (quoting Herrera v. Collins, 506 U.S. 390, 404 (1993)). Accordingly, without new evidence of innocence, even a meritorious constitutional claim is not sufficient to allow a habeas court to reach the merits of a procedurally defaulted claim. See [Schlup], 513 U.S. at 316.

Petitioner has provided the court with no new evidence supporting his claim of innocence. Instead, petitioner attacks the credibility of Yolanda Serrano and Woods, the two individuals who testified that they witnessed petitioner carry out the shooting. Based on the court's review of the entire transcript of petitioner's second trial, the court agrees with petitioner that the testimony of these witnesses suffered greatly from their diminished credibility. Both Yolanda Serrano and Woods were repeatedly impeached at trial with their own inconsistent testimony given under oath on prior occasions. Yolanda Serrano's testimony is also independently suspect given the bias created by her brother Julio's involvement in the events that took place on April 9, 1985. Likewise, Woods' credibility was also drawn into question independently by his prior convictions involving dishonesty.

Even so, the bias of these witnesses, and the numerous instances in which their testimony was impeached at petitioner's second trial, were revealed to the jury, which, despite these shortcomings, nonetheless found petitioner guilty. Thus, without new evidence that goes beyond that presented to the jury, this court cannot find that a fundamental miscarriage of justice will occur if the merits of petitioner's first four habeas claims are not addressed. As the Seventh Circuit explained in U.S. ex rel. Bell, "without new evidence of innocence, even a meritorious constitutional claim is not sufficient to allow a habeas court to reach the merits of a procedurally

11

defaulted claim." See 267 F.3d at 552 (citing Schlup, 513 U.S. at 316). Accordingly, the court concludes that petitioner's first four claims are procedurally defaulted and therefore should not be addressed on their merits.

Petitioner's final argument is that he was denied his Sixth Amendment right to confront the witnesses who testified against him when the trial court erroneously denied him the opportunity to confront Woods regarding his theft conviction at trial. As explained above, petitioner raised this argument on direct appeal, both with the Illinois Appellate Court and the Illinois Supreme Court. The appellate court ruled as follows on petitioner's argument:

> [Petitioner] first contends that the trial court's grant of the State's motion to exclude Wood[s'] conviction for theft as impeachment was improper. Woods was convicted of theft in August 1989 and was placed on [six] months court supervision. Thus, he had not completed his term of supervision at the time of trial. In People v. Montgomery (1971), 47 Ill. 2d 510, 268 N.E.2d 595, our supreme court adopted Rule 609(a) of the Federal Rules of Criminal Procedure, which provides that a witness can be impeached with evidence that he has been convicted of a crime provided, among other things, that the crime involved dishonesty regardless of the punishment. Montgomery further directs the trial judge to determine whether the probative value of the evidence of the crime is substantially outweighed by the danger of unfair prejudice. A conviction for theft, of course, is a crime involving dishonesty. If an order of supervision is successfully completed, the offense "shall be deemed without adjudication of guilt and shall not be termed a conviction for purposes of disqualification or disabilities imposed by law." (I.ll. Rev. Stat. 1987, ch. 38, par. 1005-6-1.(c); People v. Schuning (1985), 106 Ill. 2d 41, 476 N.E.2d 423.) In the present case, Woods was still under court supervision at the time he testified, and [petitioner] should have been permitted to impeach him with the theft conviction. Nor are we able to discern that the probative value of the impeachment evidence was outweighed by the danger of unfair prejudice. (People v. Montgomery.) Thus, the trial court erred in not permitting [petitioner] to impeach Woods on his theft conviction. Nevertheless, we believe the exclusion of the impeachment was harmless error beyond a reasonable doubt. At trial, [petitioner] impeached Woods' credibility with [his] previous convictions for burglary and [for his] violation of the bail bond statute. Consequently, the jury was in a position to determine Woods' credibility in light of his past convictions. The [trial] court's ruling did not impede the jury in assessing the credibility of Woods' testimony.

Following this ruling, the Illinois Supreme Court denied petitioner's motion for leave to appeal.

Respondent correctly points out that petitioner does not claim that the Illinois Appellate Court's decision was contrary to, or involved an unreasonable application of, clearly established federal law under 28 U.S.C. §2254(d). The court concludes that even if petitioner had made that claim, the court would agree with the reasonable and thoughtful decision of the Illinois Appellate Court with respect to petitioner's confrontation claim. See Lindh v. Murphy, 96 F.3d 856, 871 (7th Cir. 1996), rev'd on other grounds, 521 U.S. 320 (1997) ("[W]hen the constitutional question is a matter of degree, rather than of concrete entitlements, a 'reasonable' decision by the state court must be honored. By posing the question whether the state court's treatment was 'unreasonable,' §§2254(d)(1) requires federal courts to take into account the care with which the state court considered the subject."). Thus, the court denies petitioner's petition for a writ of habeas corpus on the fifth ground.

## CONCLUSION

For the reasons set forth above, the court finds the first four of petitioner's claims to be procedurally defaulted, and further finds his fifth claim to be without merit. The court therefore denies the petition for a writ of habeas corpus.

**ENTER:** **May 24, 2002**

**Robert W. Gettleman**
**United States District Judge**